UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
STEPHEN DWECK and SARISE DWECK,

                              Plaintiffs,

      -against-

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

                              Defendant.
-----------------------------------------------------------------------x

Civil Action No._____

**COMPLAINT**

Jury Trial: Yes

      **PLAINTIFFS, STEPHEN DWECK and SARISE DWECK** ("Plaintiffs"), by their attorneys, **Pinczewski & Shpelfogel, P.C.**, complaining against the defendant, **HARTFORD INSURANCE COMPANY OF THE MIDWEST** ("Defendant" or "Hartford"), allege as follows:

## PARTIES

      1. Plaintiffs STEPHEN and SARISE DWECK, at all times hereinafter mentioned, were and are individuals over the age of 18, residing in this judicial district, at 56 Dover Street, Brooklyn, New York 11235 (the "Premises").

      2. Defendant HARTFORD INSURANCE COMPANY OF THE MIDWEST is an insurance company that participates in Federal Emergency Management Agency's ("FEMA") "Write Your Own" ("WYO") program. Defendant issued a Standard Flood Insurance Policy ("SFIP") in its own name, as a fiscal agent of the United States, to Plaintiffs. Pursuant to C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for adjusting, settling, paying and defending all claims arising under the policy.

1

## JURISDICTION

3. This action arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, et seq., pursuant to the flood insurance policy issued to Plaintiffs by Defendant in its capacity as a WYO carrier under the Act.

4. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 4053 and 42 U.S.C. § 4072, which grant the United States District Court original exclusive jurisdiction to hear and determine an action involving a disallowance or partial disallowance by the Defendant of Plaintiffs' covered flood insurance claim, without regard to the amount in controversy.

5. The Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

6. Venue is proper in the United Stated District Court for the Eastern District of New York because the insured property is situated in this judicial district and a substantial part of the events giving rise to this claim took place in this judicial district.

7. Court has jurisdiction over, and venue is proper in, this matter because Plaintiff is within the State of New York, County of Kings, Defendants do business in this State and in Kings County, Defendants are licensed to write insurance policies by the New York State Department of Financial Services, the loss property is located in this State and County, and the Parties contracted for jurisdiction and venue in this Court.

## FACTUAL BACKGROUND

8. Plaintiffs purchased, for good and valuable consideration, a policy of insurance, bearing policy number 87050058832012 (the "Policy"), from HARTFORD. The policy insured the Premises against the risk of flood, for the term commencing on June 28, 2012 and ending on June 28, 2013. The policy was in full force and effect during all times material to this action.

9. The Policy provided coverage of up to $250,000.00 for the building.

2

10. At all times relevant herein, Plaintiffs maintained an insurable interest in the Premises.

11. On October 29, 2012, Super Storm Sandy ("Sandy") made landfall in New Jersey and tore its way inland, throughout the surrounding areas. In the early evening hours of that day, Sandy blew through New York City, destroying homes and businesses in its path. At approximately 6:00 PM on October 29, 2012, Sandy hit the southern tip of Brooklyn, New York. The subject Premises is located in southern Brooklyn, New York.

12. Sandy flood waters hit and entered the Premises, causing catastrophic damage to the Premises.

13. The damage sustained by the Premises was caused by a covered cause of loss under the Policy - flood.

14. Plaintiff timely notified Defendants of the claim (the "Claim").

15. As a direct and proximate result of the damage to the Premises, Plaintiffs were damaged, and continue to be damaged by Defendant's delay and denial in providing payment for Plaintiffs' insured losses.

16. Defendant HARTFORD hired an engineering firm, HiRise Engineering, P.C. ("HiRise"), to conduct an engineering inspection of the Premises to determine the cause of damages.

17. HiRise, in turn, hired an independent engineer, Harold Weinberg, P.E., to conduct the inspection.

18. Mr. Weinberg inspected the Premises on or about January 11, 2013.

19. Mr. Weinberg found, *inter alia*, that the damage to the Premises was caused by flood. Mr. Weinberg submitted his findings, via a report, to HiRise.

20. HiRise issued a report, dated March 18, 2013, bearing Mr. Weinberg's signature and professional seal, stating, *inter alia*, that the damage to the Premises was pre-existing in nature and due to the consolidation of soil beneath the front stoop of Plaintiffs' home.

21. The report issued by HiRise, purporting to bear Mr. Weinberg's signature and professional seal, was not the same report submitted to HiRise by Mr. Weinberg.

22. Defendant HARTFORD knew of the doctored engineering report and that Mr. Weinberg had, in truth, found that the damage to the Premises was caused by flood.

23. Nonetheless, Defendant HARTFORD issued a denial of Plaintiffs' claim on November 26, 2014.

24. In reality, the damage to the Premises was caused by flood, for which Plaintiffs were insured for under the Policy and for which Defendant HARTFORD was contractually obligated to make payment for under the Policy.

25. Plaintiffs have been and continue to be damaged by Defendant HARTFORD's breach of contract and bad faith.

26. Defendants continue to deny the Claim.

27. In addition to the compensatory damages suffered by Plaintiffs, and in order to deter other insurance companies from engaging in bad faith insurance practices and denials, Defendant HARTFORD should be punished through the imposition of punitive damages. It is only through being held accountable for its fraud and misconduct that Defendant and others similarly inclined will refrain from acting in bad faith in wrongfully denying insureds' claims.

## AND AS FOR THE FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

28. Plaintiffs re-allege and incorporate each of the foregoing paragraphs, as if they were fully set forth herein.

29. Plaintiffs and Defendant HARTFORD entered into a contract when Plaintiffs purchased, and HARTFORD issued, the Policy.

30. The Policy provided flood insurance coverage to Plaintiffs for physical damage to the Premises caused by flood.

31. Plaintiffs fully performed under the contract by paying all premiums and cooperating with Defendant HARTFORD regarding the Claim. Plaintiffs complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, or HARTFORD waived or excused such conditions precedent.

32. Defendant HARTFORD failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiffs the monies they are owed for damages to the Premises covered under the Policy.

33. As a result of Defendant's breach of contract, Plaintiffs suffered damages.

## AND AS FOR THE SECOND CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34. Every contract contains the implied covenant of good faith and fair dealing, by which the contracting parties agree to act in good faith and deal fairly with one another, and abstain from engaging in bad faith and unfair dealing that would deprive the other party of the benefits of the insurance contract or cause undue hardship or harm. It also requires an insurer, *inter alia*, to investigate claims in good faith and to reasonably and promptly pay covered claims.

35. As described above and throughout this Complaint, Defendant acted in bad faith in the administration and denial of Plaintiffs' Claim.

36. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court order relief in their favor and further request judgment against Defendant as follows:

A. Finding Defendant liable for breach of contract and for breach of the implied covenant of good faith and fair dealing;

B. Declaring that Plaintiffs are entitled to coverage under the Policy for Plaintiffs' damages to the Premises caused by flood;

C. Declaring that Defendant acted in bad faith in its investigation, administration, and denial of Plaintiffs' Claim;

D. Awarding to Plaintiffs compensatory and consequential damages against Defendant, in an amount to be determined at trial, together with pre- and post-judgment interest at the maximum rate allowable by law;

E. Awarding to Plaintiffs punitive damages against Defendant;

F. Awarding to Plaintiffs the costs and disbursements of this action, including the award of reasonable fees and expenses of Plaintiffs' counsel and experts; and

G. Granting Plaintiffs such other relief as this Court deems just and proper.

Dated: November 25, 2014

**PINCZEWSKI & SHPELFOGEL, P.C.**

_____
Mitchell B. Shpelfogel, Esq.
2753 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone: (718) 891-8200
Fax: (718) 891-5600

6